FILED
FEBRUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

56258-33-61

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NCMIC INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) No. | |
| | ) | |
| BRADLEY HAYASHI, HANOVER PARK | ) | |
| PHYSICAL MEDICINE & REHABILITATION, | ) | |
| LTD., and MELINA KELLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**08 C 885**

**JUDGE CONLON**
**MAGISTRATE JUDGE COX**

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, NCMIC Insurance Company, for its Complaint for Declaratory Judgment against Defendants, Bradley Hayashi, Hanover Park Physical Medicine & Rehabilitation, Ltd. and Melina Kelley, and states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

**JURISDICTION**

1. The cause of action is brought pursuant to this Court's Diversity Jurisdiction, under 28 U.S.C. 1332.

2. The Plaintiff is a corporation, incorporated under the laws of the State of Iowa, having its principal place of business in the State of Iowa.

3. All Defendants are citizens of the State of Illinois and have their principal place of business in the State of Illinois.

4. The amount in controversy exceeds the applicable statutory minimum.

1

**VENUE**

5. All of the Defendants reside in Illinois within the area of the District Court for the Northern District of Illinois.

**PARTIES**

6. Plaintiff NCMIC is an Iowa Corporation, with its principal place of business in the State of Illinois. NCMIC is an insurance company.

7. Defendant, Bradley Hayashi (hereinafter "Hayashi"), an Illinois resident, is a chiropractor.

8. Defendant, Hanover Park Physical Medicine & Rehabilitation, Ltd., is an Illinois limited liability company. Based on information and belief, it provides services related to physical therapy, chiropractics and massage therapy.

9. Defendant, Melina Kelley (hereinafter "Kelley"), resides in Illinois and was a patient of Hayashi.

**UNDERLYING COMPLAINT**

10. On or about December 12, 2007, Kelley filed a Complaint against Hayashi and Hanover Park Physical Medicine & Rehabilitation, Ltd, in the Circuit Court of Cook County, Illinois, Court Number 2007 L 13856 (hereinafter "Underlying Complaint.") A copy of the Underlying Complaint is attached hereto as Exhibit A.

11. Hayashi provided physical therapy and chiropractic services at Hanover Park Physical Medicine & Rehabilitation.

12. Beginning in 2004 and occurring on a weekly basis, Kelley obtained physical and chiropractic therapies from Hayashi.

13. The usual treatments provided to Kelley included massage therapy, muscle stimulation with electricity and adjustments to the neck, back and hips.

14. On each of these occasions, Kelley's treatment required that she partially disrobe to allow Hayashi and his employees access to her back, neck and shoulders.

15. For approximately two years, until October 16, 2006, the treatment did not involve touching or manipulating Kelley's breasts, labia, vagina or clitoris.

16. On October 16, 2006, Hayashi advised Kelley that her massage therapy required that she disrobe more fully.

17. Thereafter, he did not provide Kelley with appropriate or lawful chiropractic, physical or massage therapy.

18. Instead, he "sexually assaulted Kelley by touching her breasts, labia, vagina and clitoris without her consent and against her will..." (¶25)

19. Kelley reported the incident to the Hanover Police Department.

20. The Hanover Police Department and Cook County State's Attorney's office conducted an investigation and ultimately charged Hayashi with the crime of battery.

21. In May of 2007, following a full trial, Hayashi was found guilty of the charges against him and sentenced.

22. Kelley alleges that she has suffered extreme disruption of her daily life in her emotional and physical well being.

23. The Plaintiff sued both Hayashi and Hanover Park Physical Medicine & Rehabilitation Ltd., as his employer, under two theories: (1) Violation of the Illinois Gender Violence Act (740 ILCS 82) and (2) battery.

## **POLICY OF INSURANCE**

24. NCMIC issued a policy of professional liability insurance to Hayashi, policy number MP00906897, with effective dates of June 24, 2206 to June 24, 2007 (hereinafter "the Policy"). A copy of the policy is attached hereto as Exhibit B.

25. NCMIC did not issue a policy of insurance to Hanover Park Physical Medicine & Rehabilitation Ltd., and Hanover Park Physical Medicine & Rehabilitation Ltd. is not named as an insured or additional insured on the policy issued to Hayashi.

### Coverage Agreement

26. The Policy in effect at the time of the alleged occurrence included the following Coverage Agreement:

> Within the limit of liability shown on the Declarations:
>
> We will pay on behalf of an **insured** all sums to which this insurance applies and for which an **insured** becomes legally obligated to pay as damages because of an **injury.** The **injury** must be caused by an accident arising from an **incident** during the **policy period.** The **injury** must also be caused by an **insured** under this policy.

### Definitions

27. The Policy defined an "injury" as:

> bodily injury, sickness, disease or death sustained by any one person.

28. The Policy defined an "incident" as:

> ...any negligent omission, act or error in the providing of **professional services.**...

29. The Policy define "Professional Services" as:

> ...services which are within the scope of practice of a chiropractor in the state in which the chiropractor is licensed.

30. The Policy defines "Insured" as "any person or entity qualified under the "persons Insured" section of this Policy."

## Exclusions

e. The policy also included the following exclusions:

> Despite any other provision of this policy, this policy does not apply to claims arising out of, based upon, or attributable to any of the following:
>
> A. An act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime;
>
> * * *
>
> F. Sexual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act;
>
> * * *
>
> O. The intentional infliction of injury;

## Defense and Settlement Clause

32. The Policy provided the following relevant language regarding the duty to defend:

> We have the right and duty to defend any **claim** or suit brought seeking **damages** against the **insured** for **injury** covered by this policy...

33. Hayashi has tendered the Underlying Complaint to NCMIC.

34. NCMIC Insurance Company has denied coverage.

## COUNT I
### AGAINST HANOVER PARK PHYSICAL MEDICINE & REHABILITATION, LTD.
### (No Insuring Agreement)

1-34. NCMIC incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count I.

35. NCMIC does not insure Hanover Park Physical Medicine & Rehabilitation, Ltd. under the express terms of the policy.

36. The Coverage Agreement states that NCMIC will "pay on behalf of an insured all sums to which the insurance applies and for which an insured becomes legally obligated to pay...."

37. The Definitions Sections defines an "insured" as the person or entity identified in the "persons insured" section of the Policy.

38. The Person/Entity Insured section only identifies Hayashi.

39. NCMIC did not issue a separate policy to Hanover Park Physical Medicine & Rehabilitation, Ltd.

WHEREFORE, the Plaintiff, NCMIC INSURANCE COMPANY, prays that this Court declare that NCMIC is not obligated to defend or indemnify Hanover Park Physical Medicine & Rehabilitation, Ltd. and grant NCMIC such other relief as in appropriate in this case.

## COUNT II
## AGAINST BRADLEY HAYASHI
### (No Injury)

1-34.   NCMIC incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count II.

35.   The Coverage Agreement provides coverage that the insured is legally obligated to pay as damages because of "an **injury**."

36.   The Policy defines "injury" as " bodily injury, sickness, disease or death sustained by any one person."

37.   The underlying complaint does not allege any "bodily injury, sickness, disease or death."

38.   The Coverage Agreement does not provide coverage to Hayashi because there is no injury as defined by the policy.

WHEREFORE, the Plaintiff, NCMIC INSURANCE COMPANY, prays that this Court declare that NCMIC is not obligated to defend or indemnify BRADLEY HAYASHI and grant NCMIC such other relief as in appropriate in this case.

## COUNT III
## AGAINST BRADLEY HAYASHI
### (No Incident)

1-34.   Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count III.

35.   The Coverage Agreement states that NCMIC will only provide coverage where the injury was "caused by an accident arising from an **incident**..."

36. "Incident" is defined under the Policy as any "negligent omission, act or error in the providing of professional services."

37. "Professional services" is defined under the Policy as services "within the scope of practice of a chiropractor."

38. The acts alleged in the underlying complaint were not acts within the scope of practice of a chiropractor.

39. The Coverage Agreement does not provide coverage to Hayashi because there was no incident as required by the Coverage Agreement.

WHEREFORE, the Plaintiff, NCMIC INSURANCE COMPANY, prays that this Court declare that NCMIC is not obligated to defend or indemnify BRADLEY HAYASHI and grant NCMIC such other relief as in appropriate in this case.

## COUNT IV
## AGAINST BRADLEY HAYASHI
### (No Accident)

1-34. Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count IV.

35. The Coverage Agreement states that NCMIC will only provide coverage where the injury was "caused by an accident arising from an incident..."

36. The acts alleged in the underlying complaint were not an accident.

37. Under Illinois law, an accident is an unforseen occurrence; it does not include the natural and ordinary consequence of an act.

38. The acts alleged in the underlying complaint were not accidental.

39. The Coverage Agreement does not provide coverage to Hayashi because there was no accident as required by the Coverage Agreement.

WHEREFORE, the Plaintiff, NCMIC INSURANCE COMPANY, prays that this Court declare that NCMIC is not obligated to defend or indemnify BRADLEY HAYASHI and grant NCMIC such other relief as in appropriate in this case.

## COUNT V
## AGAINST BRADLEY HAYASHI
### (Criminal Acts Exclusion)

1-34. Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count V.

35. The Policy has an exclusion to coverage for acts violating any federal or state statute or governing the commission of a crime. See Policy Exclusion A.

36. Hayashi was convicted of the crime of battery for the acts alleged in the underlying complaint.

37. The acts by Hayashi are excluded from coverage under the Policy.

WHEREFORE, the Plaintiff, NCMIC INSURANCE COMPANY, prays that this Court declare that NCMIC is not obligated to defend or indemnify BRADLEY HAYASHI and grant NCMIC such other relief as in appropriate in this case.

## COUNT VI
## AGAINST BRADLEY HAYASHI
### (Sexual Acts Exclusion)

1-34. Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count VI.

35.  The Policy has an exclusion to coverage for acts of "sexual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act." See Policy Exclusion F.

36.  Hayashi's conduct constituted acts of sexual impropriety, sexual intimacy, sexual assault and/or sexual harassment.

37.  The acts alleged in the underlying complaint are excluded from coverage under the Policy.

WHEREFORE, the Plaintiff, NCMIC INSURANCE COMPANY, prays that this Court declare that NCMIC is not obligated to defend or indemnify BRADLEY HAYASHI and grant NCMIC such other relief as in appropriate in this case.

## COUNT VII
## AGAINST BRADLEY HAYASHI
### (Intentional Acts Exclusion)

1-34.  Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count V.

35.  The Policy has an exclusion to coverage for acts involving the "intentional infliction of injury." See Policy Exclusion O.

36.  Based on information and belief, Hayashi's conduct involved the "intentional infliction of injury."

37.  The acts alleged in the underlying complaint are excluded from coverage under the Policy.

WHEREFORE, the Plaintiff, NCMIC INSURANCE COMPANY, prays that this Court declare that NCMIC is not obligated to defend or indemnify BRADLEY HAYASHI and grant NCMIC such other relief as in appropriate in this case.

        Respectfully requested,

        NCMIC Insurance Company,

        By:_____
            One of its attorneys

Richard M. Clark
ARDC: 00452823
rclark@mckenna-law.com
Kristin D. Tauras
ARDC:06216004
ktauras@mckenna-law.com
McKenna Storer
33 North LaSalle, Suite 1400
Chicago, Illinois 60602
(312) 558-3900