IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NCMIC INSURANCE COMPANY,<br><br>Plaintiff,<br>vs.<br><br>BRADLEY HAYASHI, HANOVER PARK PHYSICAL MEDICINE & REHABILITATION, LTD., and MELINA KELLEY,<br><br>Defendants. | Court No.: 08 C 885<br><br>HONORABLE JUDGE CONLON<br>MAGISTRATE JUDGE COX |

**DEFENDANT BRADLEY HAYASHI AND HANOVER PARK PHYSICAL MEDICINE & REHABILITATION, LTD.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

1.  The cause of action is brought pursuant to this Court's Diversity Jurisdiction, under 28 U.S.C. 1332.

    **ANSWER:**  These defendants admit the allegations contained in Paragraph 1.

2.  The Plaintiff is a corporation, incorporated under the laws of the State of Iowa, having its principal place of business in the State of Iowa.

    **ANSWER:**  These defendants admit the allegations contained in Paragraph 2.

3.  All Defendants are citizens of the State of Illinois and have their principal place of business in the State of Illinois.

    **ANSWER:**  These defendants admit the allegations contained in Paragraph 3.

4.  The amount in controversy exceeds the applicable statutory minimum.

    **ANSWER:**  These defendants can neither admit or deny the allegations in Paragraph 4 and demand strict proof thereof.

**VENUE**

5. All of the Defendants reside in Illinois within the area of the District Court for the Northern District of Illinois.

**ANSWER:** These defendants admit the allegations contained in Paragraph 5.

**PARTIES**

6. Plaintiff NCMIC is an Iowa Corporation, with its principal place of business in the State of Illinois. NCMIC is an insurance company.

**ANSWER:** These defendants admit the allegations contained in Paragraph 6.

7. Defendant, Bradley Hayashi (hereinafter "Hayashi"), an Illinois resident, is a chiropractor.

**ANSWER:** These defendants admit the allegations contained in Paragraph 7.

8. Defendant, Hanover Park Physical Medicine & Rehabilitation, Ltd., is an Illinois limited liability company. Based on information and belief, it provides services related to physical therapy, chiropractics and massage therapy.

**ANSWER:** These defendants admit the allegations contained in Paragraph 8.

9. Defendant, Melina Kelley (hereinafter "Kelley"), resides in Illinois and was a patient of Hayashi.

**ANSWER:** These defendants admit the allegations contained in Paragraph 9.

**UNDERLYING COMPLAINT**

10. On or about December 12, 2007, Kelley filed a Complaint against Hayashi and Hanover Park Physical Medicine & Rehabilitation, Ltd, in the Circuit Court of Cook County,

Illinois, Court Number 2007 L 13856 (hereinafter "Underlying Complaint.") A copy of the Underlying Complaint is attached hereto as Exhibit A.

    **ANSWER:**    These defendants admit the allegations contained in Paragraph 10.

11.    Hayashi provided physical therapy and chiropractic services at Hanover Park Physical Medicine & Rehabilitation.

    **ANSWER:**    These defendants admit the allegations contained in Paragraph 11.

12.    Beginning in 2004 and occurring on a weekly basis, Kelley obtained physical and chiropractic therapies from Hayashi.

    **ANSWER:**    These defendants generally admit the allegations contained in Paragraph 12, but would refer to the medical records for the specific dates.

13.    The usual treatments provided to Kelley included massage therapy, muscle stimulation with electricity and adjustments to the neck, back and hips.

    **ANSWER:**    These defendants admit the allegations contained in Paragraph 13.

14.    On each of these occasions, Kelley's treatment required that she partially disrobe to allow Hayashi and his employees access to her back, neck and shoulders.

    **ANSWER:**    These defendants admit the allegations contained in Paragraph 14.

15.    For approximately two years, until October 16, 2006, the treatment did not involve touching or manipulating Kelley's breasts, labia, vagina or clitoris.

    **ANSWER:**    These defendants deny the allegations contained in Paragraph 15 as phrased.

16. On October 16, 2006, Hayashi advised Kelley that her massage therapy required that she disrobe more fully.

**ANSWER:** These defendants deny the allegations contained in Paragraph 16.

17. Thereafter, he did not provide Kelley with appropriate or lawful chiropractic, physical or massage therapy.

**ANSWER:** These defendants deny the allegations contained in Paragraph 17.

18. Instead, he "sexually assaulted Kelley by touching her breasts, labia, vagina and clitoris without her consent and against her will. .. " (¶25)

**ANSWER:** These defendants deny the allegations contained in Paragraph 18.

19. Kelley reported the incident to the Hanover Police Department.

**ANSWER:** These defendants neither admit nor deny the allegations contained in Paragraph 19, but demands strict proof thereof.

20. The Hanover Police Department and Cook County State's Attorney's office conducted an investigation and ultimately charged Hayashi with the crime of battery.

**ANSWER:** These defendants neither admit nor deny the allegations contained in Paragraph 20, but demands strict proof thereof.

21. In May of 2007, following a full trial, Hayashi was found guilty of the charges against him and sentenced.

**ANSWER:** These defendants admit the allegations contained in Paragraph 21.

22. Kelley alleges that she has suffered extreme disruption of her daily life in her emotional and physical well being.

**ANSWER:** These defendants admit the allegations contained in Paragraph 22.

4

23.     The Plaintiff sued both Hayashi and Hanover Park Physical Medicine & Rehabilitation Ltd., as his employer, under two theories: (1) Violation of the Illinois Gender Violence Act (740 ILCS 82) and (2) battery.

**ANSWER:**     These defendants admit the allegations contained in Paragraph 23.

## POLICY OF INSURANCE

24.     NCMIC issued a policy of professional liability insurance to Hayashi, policy number MP00906897, with effective dates of June 24,2206 to June 24,2007 (hereinafter "the Policy"). A copy of the policy is attached hereto as Exhibit B.

**ANSWER:**     These defendants admit the allegations contained in Paragraph 24.

25.     NCMIC did not issue a policy of insurance to Hanover Park Physical Medicine & Rehabilitation Ltd., and Hanover Park Physical Medicine & Rehabilitation Ltd. is not named as an insured or additional insured on the policy issued to Hayashi.

**ANSWER:**     These defendants admit the allegations contained in Paragraph 25.

### Coverage Agreement

26.     The Policy in effect at the time of the alleged occurrence included the following Coverage Agreement:

> Within the limit of liability shown on the Declarations:
> We will pay on behalf of an **insured** all sums to which this insurance applies and for which an **insured** becomes legally obligated to pay as damages because of an **injury**. The **injury** must be caused by an accident arising from an **incident** during the **policy period**. The **injury** must also be caused by an **insured** under this policy.

**ANSWER:**     These defendants admit the allegations contained in Paragraph 26.

## Definitions

27. The Policy defined an "injury" as:
bodily injury, sickness, disease or death sustained by anyone person.

**ANSWER:** These defendants admit the allegations contained in Paragraph 27.

28. The Policy defined an "incident" as:
... any negligent omission, act or error in the providing of **professional services**....

**ANSWER:** These defendants admit the inclusion of the selected text under the definition of "incident" within the Policy, but deny that this is a complete recitation of the definition of incident within the policy.

29. The Policy define "Professional Services" as:

... services which are within the scope of practice of a chiropractor in the state in which the chiropractor is licensed.

**ANSWER:** These defendants admit the inclusion of the selected text under the definition of "Professional Services" within the Policy, but deny that this is a complete recitation of the definition of Professional Services within the policy.

30. The Policy defines "Insured" as "any person or entity qualified under the

"persons Insured" section of this Policy."

## Exclusions

e. The policy also included the following exclusions:
Despite any other provision of this policy, this policy does not apply to claims arising out of, based upon, or attributable to any of the following:

A. An act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime;
* * *

F. Sexual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act;

* * *

O. The intentional infliction of injury;

**ANSWER:** These defendants admit the allegations contained in Paragraph 30.

6

31. [sic]

**ANSWER:** [sic] Plaintiff's Complaint at Law contains no Paragraph 31.

### Defense and Settlement Clause

32. The Policy provided the following relevant language regarding the duty to defend:

> We have the right and duty to defend any **claim** or suit brought seeking **damages** against the **insured** for **injury** covered by this policy ...

**ANSWER:** These defendants admit that the allegations contained in Paragraph 32 are an accurate restatement of that section of the policy.

33. Hayashi has tendered the Underlying Complaint to NCMIC.

**ANSWER:** These defendants admit the allegations contained in Paragraph 33.

34. NCMIC Insurance Company has denied coverage.

**ANSWER:** These defendants admit the allegations contained in Paragraph 34.

### COUNT I
### AGAINST HANOVER PARK PHYSICAL MEDICINE & REHABILITATION, LTD.
### (No Insuring Agreement)

1-34. NCMIC incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count I.

**ANSWER:** This defendant repeats and incorporates its previous answers to Paragraph 1-34 as its answers to Paragraph 1 through 34, Count I.

35. NCMIC does not insure Hanover Park Physical Medicine & Rehabilitation, Ltd. under the express terms of the policy.

**ANSWER:** This defendant admits the allegations contained in Paragraph 35.

36. The Coverage Agreement states that NCMIC will "pay on behalf of an insured all sums to which the insurance applies and for which an insured becomes legally obligated to pay .... "

**ANSWER:** This defendant admits that the allegations contained in Paragraph 36 are an accurate restatement of that section of the policy.

37. The Definitions Sections defines an "insured" as the person or entity identified in the "persons insured" section of the Policy.

**ANSWER:** This defendant admits that the allegations contained in Paragraph 37 are an accurate restatement of that section of the policy.

38. The Person/Entity Insured section only identifies Hayashi.

**ANSWER:** This defendant admits the allegations contained in Paragraph 38.

39. NCMIC did not issue a separate policy to Hanover Park Physical Medicine & Rehabilitation, Ltd.

**ANSWER:** This defendant admits the allegations contained in Paragraph 39.

## COUNT II
## AGAINST BRADLEY HAYASHI (No Injury)

1-34. NCMIC incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count II.

**ANSWER:** This defendant repeats and incorporates its previous answers to Paragraph 1-34 as its answers to Paragraph 1 through 34, Count II.

35. The Coverage Agreement provides coverage that the insured is legally obligated to pay as damages because of "an injury."

**ANSWER:** This defendant denies the allegations contained in Paragraph 35.

36. The Policy defines "injury" as "bodily injury, sickness, disease or death sustained by anyone person."

**ANSWER:** This defendant admits that the allegations contained in Paragraph 36 are an accurate restatement of that section of the policy.

37. The underlying complaint does not allege any "bodily injury, sickness, disease or death."

**ANSWER:** This defendant denies the allegations contained in Paragraph 37.

38. The Coverage Agreement does not provide coverage to Hayashi because there is no injury as defined by the policy.

**ANSWER:** This defendant denies the allegations contained in Paragraph 38.

WHEREFORE, Defendant, BRADLEY HAYASHI, requests judgment in its favor and against the plaintiff, plus costs.

## COUNT III

### AGAINST BRADLEY HAYASHI (No Incident)

1-34. Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count III.

**ANSWER:** This defendant repeats and incorporates its previous answers to Paragraph 1-34 as its answers to Paragraph 1 through 34, Count III.

35. The Coverage Agreement states that NCMIC will only provide coverage where the injury was "caused by an accident arising from an incident. .. "

**ANSWER:** This defendant admits that the allegations contained in Paragraph 35 are an accurate restatement of that section of the policy.

9

36. "Incident" is defined under the Policy as any "negligent omission, act or error in the providing of professional services."

> **ANSWER:** This defendant admits that the allegations contained in Paragraph 36 are an accurate restatement of that section of the policy.

37. "Professional services" is defined under the Policy as services "within the scope of practice of a chiropractor."

> **ANSWER:** This defendant admits that the allegations contained in Paragraph 37 are an accurate restatement of that section of the policy.

38. The acts alleged in the underlying complaint were not acts within the scope of practice of a chiropractor.

> **ANSWER:** This defendant denies the allegations contained in Paragraph 38.

39. The Coverage Agreement does not provide coverage to Hayashi because there was no incident as required by the Coverage Agreement.

> **ANSWER:** This defendant denies the allegations contained in Paragraph 39.

WHEREFORE, Defendant, BRADLEY HAYASHI, requests judgment in his favor and against the plaintiff, plus costs.

## COUNT IV
## AGAINST BRADLEY HAYASHI
### (No Accident)

1-34. Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count IV.

> **ANSWER:** This defendant repeats and incorporates its previous answers to Paragraph 1-34 as its answers to Paragraph 1 through 34, Count IV.

35. The Coverage Agreement states that NCMIC will only provide coverage where the injury was "caused by an accident arising from an incident..."

**ANSWER:** This defendant admits that the allegations contained in Paragraph 35 are an accurate restatement of that section of the policy.

36. The acts alleged in the underlying complaint were not an accident.

**ANSWER:** This defendant neither admit nor deny the allegations contained in Paragraph 36, but demands strict proof thereof.

37. Under Illinois law, an accident is an unforeseen occurrence; it does not include the natural and ordinary consequence of an act.

**ANSWER:** This defendant neither admit nor deny the allegations contained in Paragraph 37, but demands strict proof thereof.

38. The acts alleged in the underlying complaint were not accidental.

**ANSWER:** This defendant neither admit nor deny the allegations contained in Paragraph 38, but demands strict proof thereof.

39. The Coverage Agreement does not provide coverage to Hayashi because there was no accident as required by the Coverage Agreement.

**ANSWER:** This defendant denies the allegations contained in Paragraph 39.

WHEREFORE, Defendant, BRADLEY, requests judgment in his favor and against the plaintiff, plus costs.

## COUNT V

### AGAINST BRADLEY HAYASHI (Criminal Acts Exclusion)

1-34. Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count V.

**ANSWER:** This defendant repeats and incorporates its previous answers to Paragraph 1-34 as its answers to Paragraph 1 through 34, Count V.

35.	The Policy has an exclusion to coverage for acts violating any federal or state statute or governing the commission of a crime. See Policy Exclusion A.

**ANSWER:**	This defendant admits that the allegations contained in Paragraph 35 are an accurate restatement of that section of the policy.

36.	Hayashi was convicted of the crime of battery for the acts alleged in the underlying complaint.

**ANSWER:**	This defendant admits the allegations contained in Paragraph 36.

37.	The acts by Hayashi are excluded from coverage under the Policy.

**ANSWER:**	This defendant neither admits or denies the allegations but demand strict proof thereof.

WHEREFORE, Defendant, BRADLEY HAYASHI, request judgment in his favor and against the plaintiff, plus costs.

## COUNT VI
## AGAINST BRADLEY HAYASHI (Sexual Acts Exclusion)

1-34. Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count VI.

**ANSWER:**	This defendant repeats and incorporates its previous answers to Paragraph 1-34 as its answers to Paragraph 1 through 34, Count VI.

35.	The Policy has an exclusion to coverage for acts of "sexual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act." See Policy Exclusion F.

**ANSWER:**	This defendant admits that the allegations contained in Paragraph 35 are an accurate restatement of that section of the policy.

12

36. Hayashi's conduct constituted acts of sexual impropriety, sexual intimacy, sexual assault and/or sexual harassment.

**ANSWER:** This defendant denies the allegations contained in Paragraph 36.

37. The acts alleged in the underlying complaint are excluded from coverage under the Policy.

**ANSWER:** This defendant denies the allegations contained in Paragraph 37.

WHEREFORE, Defendant, BRADLEY HAYASHI, requests judgment in his favor and against the plaintiff, plus costs.

## COUNT VII
## AGAINST BRADLEY HAYASHI
## (Intentional Acts Exclusion)

1-34. Plaintiff incorporates Paragraphs 1 through 34 of the common allegations as if set forth in Count V.

**ANSWER:** This defendant repeats and incorporates its previous answers to Paragraph 1-34 as its answers to Paragraph 1 through 34, Count VII.

35. The Policy has an exclusion to coverage for acts involving the "intentional infliction of injury." See Policy Exclusion O.

**ANSWER:** This defendant admits that the allegations contained in Paragraph 35 are an accurate restatement of that section of the policy.

36. Based on information and belief, Hayashi's conduct involved the "intentional infliction of injury."

**ANSWER:** This defendant denies the allegations contained in Paragraph 36.

37. The acts alleged in the underlying complaint are excluded from coverage under the Policy.

**ANSWER:** This defendant denies the allegations contained in Paragraph 37.

WHEREFORE, Defendant, BRADLEY HAYASHI, requests judgment in his favor and against the plaintiff, plus costs.

Respectfully submitted,

CUNNINGHAM, MEYER & VEDRINE, P.C.

One of the Attorneys for Defendant
*BRADLEY HAYASHI and HANOVER PARK PHYSICAL MEDICINE & REHABILITATION, LTD.*

Michael R. Slovis
Daniel J. Hronek
CUNNINGHAM, MEYER & VEDRINE, P.C.
111 W. Washington Street, Suite 937
Chicago, Illinois 60602
(312) 578-0049
Atty No. 39107