56258-33-61

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NCMIC INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  08 C 885 |
| | ) | Judge Conlon |
| BRADLEY HAYASHI, HANOVER PARK | ) | Magistrate Judge Cox |
| PHYSICAL MEDICINE & REHABILITATION, | ) | |
| LTD., and MELINA KELLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes Plaintiff, NCMIC Insurance Company, through its attorneys, Richard M. Clark and Kristin D. Tauras, for its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and LR56.1 of the Local Rules for the United States District Court for the Northern District, states as follows:

1. This case seeks a declaratory judgment that NCMIC does not owe a duty to defend or indemnify Defendants, Bradley Hayashi and Hanover Park Physical Medicine & Rehabilitation Ltd. (hereinafter "Hanover Park"), in a tort action arising out of the alleged criminal conduct of Dr. Hayashi against a patient, Ms. Melina Kelley.

2. Kelly alleges she was sexually assaulted by Hayashi.  Hayashi was later convicted of battery, 720 ILCS 5/2-3(a)(2), and sentenced.

3. On December 12, 2007, Kelley filed a complaint in the Circuit Court of Cook County, 2007 L 13856, against Defendants, Hayashi and Hanover Park, alleging violation of the Illinois Gender Violence Act and battery (hereinafter "Underlying Complaint").Dr. Hayashi tendered the defense of the Underlying Complaint to NCMIC Insurance Company under policy number MP00906897 (hereinafter "Policy").  NCMIC has rejected the tender.

1

4.　　NCMIC does not owe a duty to defend or indemnify Hayashi under the rule of collateral estoppel. The Policy's Coverage Agreement only applies to accidents, not intentional conduct, and the Policy's Exclusion section, expressly excludes intentional acts and acts violating a state criminal statute. (Ex. I) Hayashi's conviction for battery collaterally estops him relitigating whether (1) the alleged conduct was intentional and (2) the alleged conduct was in violation of a statute criminal statute. *American Family v. Savickas*, 193 Ill.2d 378, 387, 739 N.E.2d 445 (2000).

5.　　In addition, NCMIC does not owe a duty to defend Hayashi based on the language in the Coverage Agreement because the allegations in the Underlying Complaint do not fall within the Coverage Agreement:

　　a.　　The Policy only covers "accidents." (Ex.I) The conduct alleged in the Underlying Complaint was not an accident. *NCMIC Ins. Co. v. Johnson*, 2006 WL 1004862; *Aetna Cas. & Sur. Co. v. Freyer*, 411 N.E.2d 1157, 1159 (1st Dist. 1980). Therefore, the Policy does not provide coverage.

　　b.　　The Policy only covers claims arising from an "incident," defined as an act or omission in "professional services." (Ex. I) Sexually assaulting a patient is not a "professional service." *American Family, supra,* 193 Ill.2d 378; *NCMIC v. Johnson*, 2006 WL 1004862. Therefore, the Policy does not provide coverage.

6.　　NCMIC does not owe a duty to defend Hayashi in the Underlying Case based on three Policy Exclusions:

　　a.　　The Policy contains a Criminal Act Exclusion. (Ex. I, p.4) The Underlying Complaint alleges Hayashi was convicted of battery arising from the same allegations that form the basis for the Underlying Complaint (Ex. H, ¶¶37-38) and, therefore, it is excluded from coverage. *See Allstate Ins. Co. v. Brown*, 16 F.3d 222, 225 (7th Cir.1994) ("[A]n act is criminal if it violates the State's criminal code."); *See also Grinnell Mut.*

2

*Reinsurance Co. v. Shierk*, 996 F.Supp. 836, 838 (S.D.Ill.,1998).

    b.    The Policy contains a Sexual Acts Exclusion. (Ex. I, p.5) The allegations in the Underlying Complaint relate to a sexual assault and, therefore, are excluded from coverage. *See Illinois State Medical Ins. Services, Inc. v. Cicho*, 258 Ill.App.3d 803, 629 N.E.2d 822 (3d Dist.,1994) (Physician's plea for aggravated sexual assault were "sexual conduct" within meaning of malpractice policy's exclusion of coverage if insured's liability arose out of any conduct of sexual nature.)

    c.    The Policy contains an Intentional Acts Exclusion. (Ex. I, p.5) The allegations in the Underlying Complaint relate to the intentional acts of battery and violation of the Sexual Violence Act, predicated on battery and, therefore are excluded from coverage. *See Scudder v. Hanover Ins. Co.*, 201 Ill.App.3d 921, 925, 559 N.E.2d 559, 563 (2d Dist.1990)

7.    NCMIC does not owe a duty to defend or indemnify Hanover Park Physical Medicine because it is not an insured.

8.    Kelley's rights are derivative; she can have no greater rights than Hayashi. *American Family, supra,* 193 Ill.2d 378, 392. Accordingly, for all the reasons set forth above, Kelley is precluded from asserting any garnishment or indemnification rights against NCMIC.

9.    A memorandum of law, statement of uncontested facts and supporting exhibits are filed contemporaneously with this motion and incorporated herein.

Wherefore, Plaintiff, NCMIC Insurance Company, respectfully requests that this Court enter summary judgment in favor of the Plaintiff, NCMIC Insurance Company, and against the Defendants, Bradley Hayashi, Hanover Park Physical Medicine and Rehabilitation Ltd., and Melina Kelley, finding that NCMIC Insurance Company does not owe a duty to defend or indemnify defendants and for all further relief it is entitled in this proceeding.

                    Respectfully submitted,

                    NCMIC Insurance Company,

                    By:    /s/ Kristin D. Tauras
                            One of its attorneys

Richard M. Clark
ARDC: 00452823
rclark@mckenna-law.com
Kristin D. Tauras
ARDC:06216004
ktauras@mckenna-law.com
McKenna Storer
33 North LaSalle, Suite 1400
Chicago, Illinois 60602
(312) 558-3900

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2008, I electronically filed the foregoing with the Clerk of the U. S. District Court, for the Northern District of Illinois using the CM/CEF e-filing system which will send notification of such filing to the following e-mail addresses:

Ms. Kaethe Morris Hoffer
K. Morris Hoffer, P.C.
1609 Sherman Avenue
Evanston, IL 60201

Michael Slovis
Cunningham, Meyer & Vedrine
111 West Washington, Suite 937
Chicago, IL 60602


McKenna Storer

By: /s/ Kristin D. Tauras
Richard M. Clark
ARDC: 00452823
rclark@mckenna-law.com
Kristin D. Tauras
ARDC:06216004
ktauras@mckenna-law.com
McKenna Storer
33 North LaSalle, Suite 1400
Chicago, Illinois 60602
(312) 558-3900