56258-33-61

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NCMIC INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 C885 |
| ) | Judge Conlon |
| BRADLEY HAYASHI, HANOVER PARK ) | Magistrate Judge Cox |
| PHYSICAL MEDICINE & REHABILITATION, ) | |
| LTD., and MELINA KELLEY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Now comes Plaintiff, NCMIC Insurance Company, through its attorneys, Richard M. Clark and Kristin D. Tauras, and for its Statement of Facts pursuant to LR 561(a)(3) of the Rules of the United States District Court for the Northern District of Illinois, states as follows:

**JURISDICTION**

1. This cause of action is brought pursuant to this Court's Diversity Jurisdiction, under 28 U.S.C. 1332. (Ex. A, Complaint, ¶ 1) The parties are diverse and the amount in controversy exceeds the jurisdictional limits. (Ex. A, Complaint, ¶ 4; Ex. B, Hayashi Answer, ¶ 2-3, 7-8; Ex. C, Kelley Answer, ¶ 2-4)

**PARTIES**

2. The Plaintiff is an insurance company, incorporated under the laws of the State of Iowa, having its principal place of business in the State of Iowa. (Ex. A, ¶ 6; Ex. B, ¶ 6; Hayashi Answer to Requests to Admit, Ex. D, ¶ 1)

3. Defendant, Bradley Hayashi, is a resident of the State of Illinois, and is a chiropractor. (Ex. B, ¶ 7, 11; Ex. D, ¶ 2, 3)

4. Defendant, Hanover Park Physical Medicine & Rehabilitation, Ltd., is an Illinois limited liability company with its principal place of business in Illinois. (Ex. B, ¶ 8; Ex. D, ¶ 4)

5. Hayashi provided physical therapy and chiropractic services at Hanover Park Physical Medicine & Rehabilitation.(Ex. D, ¶ 5)

6. Kelley, a resident of Illinois, was a patient of Hayashi beginning in 2004 and ending on or about October 16, 2006. (Ex. D, ¶7)

## THE BATTERY CONVICTION

7. On October 16, 2006, Kelley had an appointment to see Hayashi for chiropractic services related to scoliosis, including massage, electrical stimulation and adjustments to her spine. (Ex. J. Trial Transcripts 5/17/07; ¶ 16-17; Ex D, ¶8-9)

8. On October 16, 2006, Kelley went to Hanover Park Physical Medicine and Rehabilitation, Ltd. to see Hayashi for chiropractic treatment, physical therapy or massage therapy. (Ex. J. Trial Transcripts 5/17/07; ¶ 16-17; Ex D, ¶9)

9. On October 16, 2006, during her appointment, Hayashi committed the crime of battery, 740 ILCS 82, against Kelley. (Ex. K, Trial Transcript 5/21/07, ¶ 130, 131, Ex. G, Certified Criminal Conviction Sheet)

10. Following her appointment, Ms. Kelley made a criminal complaint against Hayashi with the Hanover Police Department. (Ex. A, ¶ 19; Ex B, ¶ 19; Ex. C, ¶ 19)

11. On October 25, 2006, a criminal complaint was filed with the Circuit Court of Cook

County, Illinois against Hayashi, *State v. Hayashi*, case number 06-3007145. (Ex. D, ¶ 22; Ex. E, ¶ F, Criminal Complaint)

12. The Criminal Complaint alleged that Hayashi committed the offense of battery in that he, "knowingly and without legal justification made physical contact of and insulting nature with Melina Kelley in that he fondled Melina Kelley's breasts and vagina during a chiropractic visit in violation of 720 ILCS 5/12-3(a)2." (Ex. D, ¶ 23; Ex. E, ¶ 2-3; Ex. F)

13. Hayashi was arrested and charged for the crime of battery arising from his alleged treatment and/or therapy provided to Kelley on or about October 16, 2006. (Ex. D, ¶ 25; ¶ 26)

14. In May of 2007, Hayashi stood trial for the crime of battery arising from the alleged treatment and/or therapy he provided to Kelley on October 16, 2006 before the Judge Kay Hanlon. (Ex. D, ¶ 27; Ex. J, Trial Transcript 5/17/07; Ex. K, Trial Transcript 5/21/07)

15. On May 17, 2007, Kelley testified in the criminal matter of *People v. Hayashi*, No. 06, MC 37145. (Ex. J, pp. 10-98)

16. Kelley testified that on October 16, 2006, she went to see Dr. Hayashi for a full body massage and spinal adjustments for treatment of her scoliosis. (Ex. J, p. 16-17)

17. Kelley testified that Dr. Hayashi asked her to completely disrobe for the treatment. (Ex. J, p. 18-19)

18. Kelley testified that during the massage, Dr. Hayashi touched her vagina, labia, clitoris, and breasts. (Ex. J, pp.21-25, 29 -34, 37, 39, 40)

19. Kelley testified that she did not consent to Dr. Hayashi touching her vagina, labia,

clitoris and breasts (Ex. J, pp.50)

20. Kelley testified that during the massage, Dr. Hayashi had an erection. (Ex. J, pp. 27, 70)

21. On May 21, Dr. Hayashi testified in the criminal matter of *State v. Hayashi*, No. 06 MC 37145. (Ex. K, pp.5-80 )

22. Dr. Hayashi testified that he did not touch Kelley's breasts or vaginal area during the massage. (Ex. K, 5/21/07, pp. 23, 25, 45)

23. During the criminal trial, Hayashi waived his right to a jury verdict. (Ex. D, ¶ 28)

24. At the conclusion of the evidence in the battery case, case *State v. Hayashi*, number 06-3007145, Judge Kay Hanlon determined that Kelley was credible and did not "believe Dr. Hayashi was credible" and "[did] not believe him when he [said] that this never happened" and entered a finding of guilt. (Ex. K, p. 130-31)

25. On May 21, 2007 Hayashi was found guilty of the crime of battery in violation of 720 ILCS 5/2-3(a)2 arising from the alleged treatment and/or therapy provided to Kelley on October 16, 2006. (Ex. D, ¶ 30; Ex. G; Ex. K, p. 130, 131)

### UNDERLYING COMPLAINT

26. On December 12, 2007, Kelley filed a Complaint against Hayashi and Hanover Park Physical Medicine & Rehabilitation, Ltd, in the Circuit Court of Cook County, Illinois, Court Number 2007 L 13856 (hereinafter "Underlying Complaint.") (Underlying Complaint, Ex. H; Ex. E, ¶ 5)

27. In the Underlying Complaint, Kelley alleges battery and violation of the Illinois Gender Violence Act, 740 ILCS 82. (Ex. H)

28. Accordingly to the Underlying Complaint, beginning in 2004 and ending on October 16, 2006, Dr. Hayashi treated Kelley for scoliosis. (Ex. H, ¶ 21)

29. The usual treatment provided to the Plaintiff included message therapy, muscle stimulation with electricity and adjustments to the neck, back and hips. (Ex. H, ¶16-17)

30. On October 16, 2006, Dr. Hayashi advised the Plaintiff that her massage therapy required that she disrobe more fully. (Ex. H, ¶ 22)

31. Thereafter, "he did not provide [Kelley] with appropriate or lawful chiropractic, physical or massage therapy" and instead, "sexually assaulted [Kelley] by touching her breasts, labia, vagina and clitoris without her consent and against her will..." (Ex. H, ¶ 25)

32. In the Underlying Complaint, Kelley is seeking recovery for the same actions of Hayashi that form the basis of the criminal complaint. (Ex. E, ¶6; Ex. H; Ex. F)

33. In the Underlying Complaint, Kelley is seeking recovery for the same actions that form the basis of the criminal conviction. (Ex. G; Ex. H; Ex. J, pp. 21-25, 29-34, 37, 39, 40, 50; Ex. K, pp. 130-31)

## INSURANCE POLICY

34. NCMIC issued a policy of professional liability insurance to Hayashi, policy number MP00906897, with effective dates of June 24, 2006 to June 24, 2007 (hereinafter "the Policy") (Ex. I, Certified Copy of Policy; Ex. D, ¶ 32)

35. NCMIC did not issue a policy of insurance to Hanover Park Physical Medicine & Rehabilitation Ltd., and Hanover Park Physical Medicine & Rehabilitation Ltd. is not named as an insured or additional insured on the policy issued to Hayashi. (Ex. C,

39)

## Coverage Agreement

36. The Policy in effect at the time of the alleged occurrence included the following Coverage Agreement:

> Within the limit of liability shown on the Declarations:
>
> We will pay on behalf of an **insured** all sums to which this insurance applies and for which an **insured** becomes legally obligated to pay as damages because of an **injury**. The **injury** must be caused by an accident arising from an **incident** during the **policy period**. The **injury** must also be caused by an **insured** under this policy.

(Ex. I, p.3)

## Definitions

37. The Policy defined an "incident" as:

> ...any negligent omission, act or error in the providing of **professional services**....

(Ex. I, p.2)

38. The Policy define "Professional Services" as:

> ...services which are within the scope of practice of a chiropractor in the state in which the chiropractor is licensed.

(Ex. I, 2)

## Exclusions

39. The policy also included the following exclusions:

> Despite any other provision of this policy, this policy does not apply to claims arising out of, based upon, or attributable to any of the following:
>
> A. An act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime;

\* \* \*

      F.    Sexual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act;

\* \* \*

      O.    The intentional infliction of **injury**;

(Ex. I, pp. 4-5)

40.    Hayashi tendered the Underlying Complaint to NCMIC. (Ex. C, ¶ 33)

41.    NCMIC Insurance Company has denied coverage. (Ex. D, ¶ 34)

        Respectfully submitted,

        NCMIC Insurance Company,

        By:    /S/ Kristin Tauras
                  One of its attorneys

Richard M. Clark
ARDC: 00452823
rclark@mckenna-law.com
Kristin D. Tauras
ARDC:06216004
ktauras@mckenna-law.com
McKenna Storer
33 North LaSalle, Suite 1400
Chicago, Illinois 60602
(312) 558-3900

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2008, I electronically filed the foregoing with the Clerk of the U. S. District Court, for the Northern District of Illinois using the CM/CEF e-filing system which will send notification of such filing to the following e-mail addresses:

Ms. Kaethe Morris Hoffer
K. Morris Hoffer, P.C.
1609 Sherman Avenue
Evanston, IL 60201

Michael Slovis
Cunningham, Meyer & Vedrine
111 West Washington, Suite 937
Chicago, IL 60602


McKenna Storer

By: /s/ Kristin D. Tauras
Richard M. Clark
ARDC: 00452823
rclark@mckenna-law.com
Kristin D. Tauras
ARDC:06216004
ktauras@mckenna-law.com
McKenna Storer
33 North LaSalle, Suite 1400
Chicago, Illinois 60602
(312) 558-3900