IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| Melina Kelley, | ) | |
| | ) | |
| Plaintiff, | ) | **TRIAL BY JURY DEMAND** |
| | ) | |
| v. | ) | No. |
| | ) | |
| Bradley Hayashi; Hanover Park Physical | ) | 2007L013856 |
| Medicine & Rehabilitation, Ltd. | ) | CALENDAR/ROOM F |
| Defendants. | ) | TIME 00:00 |
| | | PI Stat Misc Action |

## COMPLAINT AT LAW

NOW COMES the Plaintiff MELINA KELLEY, by and through her attorneys, K. MORRIS HOFFER, P.C., and for her causes of action against Defendants, BRADLEY HAYASHI (hereinafter "HAYASHI"), and HANOVER PARK PHYSICAL MEDICINE & REHABILITATION, LTD., (hereinafter "HANOVER"), states as follows:

### PARTIES

1. Plaintiff MELINA KELLEY (hereinafter "Plaintiff"), is an adult female resident of the state of Illinois.

2. Defendant HAYASHI is an adult male, and at all times relevant herein, HAYASHI resided and worked in Illinois.

3. Defendant HANOVER is an Illinois Corporation, and at all times relevant herein HANOVER was engaged in the business of providing services related to physical therapy, chiropractics, and massage therapy.

4. Defendant HAYASHI is the President and Secretary of HANOVER PARK

PHYSICAL MEDICINE & REHABILITATION, LTD.

5. On information and belief, HAYASHI is the sole owner of HANOVER.

6. HANOVER'S primary place of business is located at 1802 Irving Park Road in Hanover Park, Cook County, Illinois.

7. The events and actions giving rise to this lawsuit all occurred in Cook County, Illinois.

## FACTS

8. Plaintiff suffers from scoliosis, a condition involving curvature and deformity of the spine.

9. Plaintiff sought treatment from HAYASHI and HANOVER for her scoliosis.

10. HAYASHI and HANOVER represented to Plaintiff that they were qualified to conduct certain physical therapies on Plaintiff for the purpose of treating scoliosis and reducing the pain and other negative symptoms of her condition.

11. Plaintiff relied on the representations made by HAYASHI and HANOVER, and became a regular client of HAYASHI and HANOVER during 2004.

12. Beginning in 2004, and occurring on a weekly basis therafter, Plaintiff obtained physical and chiropractic therapies from HAYASHI and HANOVER, always at the offices located at 1802 Irving Park Road in Hanover Park, Illinois.

13. The usual treatment given to Plaintiff included massage therapy, muscle stimulation with electricity and "adjustments" of her neck, back, and hips.

14. On most occasions, Plaintiff was given massage therapy by certain employees of HANOVER who were identified to her as certified massage therapists.

15. HAYASHI, who was identified as a chiropractor and the owner of HANOVER, usually treated Plaintiff after she had been seen by one of the massage therapists on his staff.
16. Typically, HAYASHI would "adjust" her neck, shoulders, and hips, using his hands to manipulate her muscles and limbs.
17. On certain occasions, when HANOVER represented to Plaintiff that the regular massage therapists were unavailable, HAYASHI himself would conduct the "massage" portion of her therapy.
18. On all occasions, Plaintiff believed that HAYASHI and HANOVER were engaged in the legitimate treatment of her scoliosis, and she reasonably relied on HAYASHI and HANOVER to provide her with medically appropriate advice and treatment.
19. On all occasions, Plaintiff's treatment required that she partially disrobe, to allow HAYASHI and HANOVER access to her back, neck, and shoulders.
20. Plaintiff was never advised that her treatment required that HAYASHI and HANOVER touch her breasts, labia, vagina, or clitoris.
21. For approximately two years, from her first therapy at HANOVER until OCTOBER 16, 2006, Plaintiff obtained treatment from HAYASHI and HANOVER that did NOT involve touching or manipulating her breasts, labia, vagina, or clitoris.
22. On October 16, 2006, HAYASHI and HANOVER advised Plaintiff that her massage therapy required that she disrobe more fully than she had on previous occasions.
23. Plaintiff complied with the directions she was given by HAYASHI and HANOVER, in reliance on what she reasonably believed was appropriate medical advice.

24. On October 16, 2006, HAYASHI and HANOVER did not provide Plaintiff with appropriate or lawful chiropractic, physical, or massage therapy.

25. Instead, on October 16, 2006 HAYASHI sexually assaulted Plaintiff, by touching her breasts, labia, vagina, and clitoris without her consent and against her will, during the course of an appointment that was designated by HAYASHI and HANOVER as massage therapy.

26. During the appointment, HAYASHI spoke to Plaintiff as if he was engaging in a normal course of therapy, but his breathing and voice changed in a way that seemed consistent with sexual arousal, and at one point Plaintiff sensed that HAYASHI had developed an erection and brushed against her body with it.

27. During the appointment, Plaintiff was terrified of and traumatized by HAYASHI's conduct, and experienced extreme anxiety, panic, and a sense of interference with her emotional and mental functioning.

28. Plaintiff's extreme anxiety and trauma resulted, in part, from the following:

    a. Plaintiff reasonably trusted HAYASHI and HANOVER, and believed that HAYASHI and HANOVER would only treat her in a way that was ethical and medically appropriate;

    b. Plaintiff reasonably trusted that HAYASHI and HANOVER knew she did not want, or consent to, touching of a sexual nature;

    c. Plaintiff had never before in her life been in a situation where a medical practitioner took advantage of his position and her vulnerability to engage in sexual assault under the guise of appropriate and lawful treatment;

    d. Plaintiff did not know what to do or how she ought to respond to HAYASHI's behavior.

29. Despite Plaintiff's extreme and reasonable anxiety, she made numerous efforts to communicate discomfort to HAYASHI, including by requesting blankets to cover her body with, and saying that everything was not okay with her.

30. Ultimately, and despite her extreme anxiety, Plaintiff successfully stopped HAYASHI and HANOVER, interrupting HAYASHI's "treatment" of her, and she left HANOVER well before the scheduled end of her appointment.

31. Plaintiff left HANOVER in a state of extreme shock and distress.

32. Plaintiff feared that HAYASHI and HANOVER would deny doing to her what had been done.

33. Plaintiff feared that her account of what had happened to her would not be believed, or she would be told that what had happened to her did not violate her, as she felt that it had.

34. Plaintiff feared that she would be blamed for HAYASHI and HANOVER's conduct.

35. Despite her fears and anxieties, Plaintiff immediately reported what HAYASHI and HANOVER had done, including by going to the Hanover Park Police Department.

36. The Police Department and the Cook County State's Attorney's office conducted an investigation in response to what Plaintiff reported to them.

37. Ultimately, HAYASHI was charged with the crime of battery for his treatment of Plaintiff.

38. In May 2007, after a full trial in a criminal court of the Circuit Court of Cook County, HAYASHI was found guilty of the charges against him and sentenced to ten days in jail and one year of probation.

39. As a result of the direct and indirect acts of the Defendants HAYASHI and HANOVER, Plaintiff suffered extreme disruption to her daily life and to her emotional and physical wellbeing. Among other reasonably foreseeable results of HAYASHI and HANOVER's conduct, Plaintiff has suffered from the following: sleep disruptions; recurrent and distressing nightmares; physical pain related to stress; acute anxiety; traumatizing and repetitive flashbacks to October 16, 2006; paralyzing feelings of shame and guilt; terror and distress related to obtaining the care and treatment she needs for her scoliosis; loss of libido; panic attacks; distressing levels of rage; an inability to feel trusting of people on whom she is required to depend, including medical care providers; overwhelming grief; a shattered sense of bodily and emotional integrity.

## COUNT 1: VIOLATION OF THE ILLINOIS GENDER VIOLENCE ACT—HAYASHI

Plaintiff incorporates Paragraphs 1 through 39 of this Complaint as if fully set forth under this count and further alleges that:

40. HAYASHI's acts against Plaintiff were physical intrusions and physical invasions of a sexual nature under coercive conditions.

41. HAYASHI's acts against Plaintiff were in violation of the Illinois Gender Violence Act (740 ILCS 82).

42. As a result of HAYASHI's actions Plaintiff suffered and continues to suffer emotional distress and other damages as described herein.

WHEREFORE, Plaintiff demands judgment against HAYASHI in an amount in excess of $50,000.00, plus costs, disbursements, reasonable attorney's fees, interest, and whatever relief the court deems just and equitable.

## COUNT 2: VIOLATION OF THE ILLINOIS GENDER VIOLENCE ACT—HANOVER

Plaintiff incorporates Paragraphs 1 through 42 of this Complaint as if fully set forth under this count and further alleges that:

43. Because HAYASHI is the President of HANOVER, all the actions engaged in by HAYASHI when he is acting in the course and scope of his work at HANOVER, are actions of HANOVER.

44. Because HAYASHI's acts against Plaintiff were in violation of the Illinois Gender Violence Act (740 ILCS 82), and because they were engaged in by him while he was acting in the course and scope of his work at HANOVER, HANOVER violated the Illinois Gender Violence Act (740 ILCS 82).

WHEREFORE, Plaintiff demands judgment against HANOVER in an amount in excess of $50,000.00, plus costs, disbursements, reasonable attorney's fees, interest, and whatever relief the court deems just and equitable.

### COUNT 3: BATTERY—HAYASHI

Plaintiff incorporates Paragraphs 1 through 39 of this Complaint as if fully set forth under this count and further alleges that:

45. HAYASHI's intentional acts on October 16, 2006 caused harmful and offensive contact to the Plaintiff's person.

46. As a direct result of this battery Plaintiff has sustained and continues to suffer the injuries and damages described herein.

47. Because Defendant HAYASHI has been found guilty of battery against Plaintiff for the actions spelled out in this complaint, neither Defendant HAYASHI nor Defendant HANOVER may deny that HAYASHI unlawfully battered Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants HAYASHI in an amount in excess of $50,000.00, plus costs, disbursements, reasonable attorney's fees, interest, and whatever relief the court deems just and equitable.

### COUNT 4: BATTERY—HANOVER

Plaintiff incorporates Paragraphs 1 through 39 and 45 through 47 of this Complaint as if fully set forth under this count and further alleges that:

48. Because HAYASHI is the President of HANOVER, all the actions engaged in by HAYASHI when he is acting in the course and scope of his work at HANOVER, are actions of HANOVER.

49. Because HAYASHI's acts against Plaintiff were acts of unlawful battery and because they were engaged in by him while he was acting in the course and scope of his work at HANOVER, HANOVER engaged in acts of unlawful battery against Plaintiff.

WHEREFORE, Plaintiff demands judgment against HANOVER in an amount in excess of $50,000.00, plus costs, disbursements, reasonable attorney's fees, interest, and whatever relief the court deems just and equitable.

Attorney for Plaintiff

Kaethe Morris Hoffer
Attorney No. 42572
K. Morris Hoffer, P.C.
1609 Sherman Avenue
Evanston IL 60201
(847) 424-0700