

NCMIC INSURANCE COMPANY
14001 UNIVERSITY AVENUE
CLIVE, IA 50325-8258
800-247-8043

## PROFESSIONAL LIABILITY DECLARATIONS
### Chiropractic Malpractice - Occurrence

**Policy #:** MP00906897
**Policy Period:** From 06/24/2006 to 06/24/2007 12:01am
Local Time at the address of the Named Insured

**Mailing Address:** Bradley Hayashi DC
1802 Irving Park RD
Hanover Park IL 60133

Reason for new Declaration:
Renewal

| Person/Entity Insured: | Limits of Liability Per Medical Incident/Policy Aggregate | Annual Premium |
|---|---|---|
| Bradley Hayashi DC | 1,000,000/3,000,000 | 3,641.00 |
| Additional Coverages: | | |
| Manipulation Under Anesthesia (Form #03-2007 06/2003) | Manipulation Under Anesthesia | No Charge |
| Discounts: | | |
| Claim Free Discount | | -218.00 |
| | | 3,423.00 |

### State Mandatory Endorsements Made Part of This Policy

Pool Exclusion (Occurrence) (Form #03-2022 09/2003)
Illinois Exclusions Endorsement (Form #14-2000 07/1999)
Illinois Cancellation Provision Endorsement (Form #14-2001 07/1999)
Illinois Other Insurance Endorsement (Form #14-2002 07/1999)
Illinois Bankruptcy or Insolvency Endorsement (Form #14-2003 04/2003)

| New App Fee | 0.00 |
|---|---|
| **Taxes** | 0.00 |

| Annual Premium | 3,423.00 |
|---|---|
| THIS IS NOT A BILL | |

THIS IS YOUR DECLARATIONS PAGE. PLEASE KEEP FOR YOUR RECORDS.
THIS IS NOT A BILL.

Issued 06/25/2006 at Clive, IA
Form: MP2003 06/2003

- Insured Copy -



NCMIC INSURANCE COMPANY
14001 UNIVERSITY AVENUE
CLIVE, IA 50325-8258
800-247-8043

## PROFESSIONAL LIABILITY DECLARATIONS
### Chiropractic Malpractice - Occurrence

Policy #: MP00906897

Policy Period: From 06/24/2006 to 06/24/2007 12:01am
Local Time at the address of the Named Insured

Mailing Address: Bradley Hayashi DC
1802 Irving Park RD
Hanover Park IL 60133

Reason for new Declaration:
Renewal

Proof of Insurance has been provided to the following Certificate Holders:

ACN GROUP INC - PO BOX 212, MINNEAPOLIS, MN 55440-0212

THIS IS YOUR DECLARATIONS PAGE. PLEASE KEEP FOR YOUR RECORDS.
THIS IS NOT A BILL.

Issued 06/25/2006 at Clive, IA
Form: MP2003 06/2003

- Insured Copy -

Form: U023 04/99
Client

# PROFESSIONAL LIABILITY INSURANCE POLICY

## (CHIROPRACTIC MALPRACTICE)

### (OCCURRENCE FORM)

THIS IS A NON-ASSESSABLE POLICY

Issued by:

# NCMIC INSURANCE COMPANY

(A Stock Insurance Company, herein called the Company)
Incorporated under the
Laws of the State of Iowa
Home Office: 14001 University Ave
Clive Iowa 50325

Form MP2003　　　　　　　　　　　1　　　　　　　　　　　06/03

**In return for payment of premium and subject to all terms of this policy, we agree with you as follows:**

### Definitions

Throughout this policy, **you** and **your** mean the **insured** on the Declarations. **We**, **our** and **us** mean NCMIC Insurance Company.

Other words and phrases with special meanings are defined below. They are bold faced when used in this policy (which includes any endorsements).

1. **Claim** means a written demand for money or services arising from an alleged **injury** to which this insurance applies.

2. **Damages** mean the monetary portion of any judgment, award or settlement, but does not include:

    (a) punitive or exemplary **damages**, any **damages** that are a multiple of compensatory **damages**, fines, penalties or sanctions; or
    (b) judgments or awards considered uninsurable by law.

3. **Injury** means bodily injury, sickness, disease or death sustained by any one person.

4. **Insured** means any person or entity qualified under the "Persons Insured" section of this policy.

5. **Incident** means any negligent omission, act or error in the providing of **professional services**. All such omissions, acts or errors causally related to the rendering of or failure to render **professional services** to one person shall be considered one **incident**. Causally related acts, errors and omissions includes acts, errors and omissions that have a common cause or form a causal chain of events. An **incident** shall be deemed to have occurred at the time of the earliest act, error or omission comprising that **incident**.

6. **Policy period** means the period of time shown on the Declarations unless the policy is effectively cancelled prior to the stated expiration date pursuant to the cancellation provision state herein. This policy is effective beginning on the date specified on the Declarations at 12:00 a.m. local time at the address listed on the Declarations and ends on the date specified on the Declarations at 12:01 a.m. local time at the address listed on the Declarations.

7. **Professional services** means services which are within the scope of practice of a chiropractor in the state in which the chiropractor is licensed.

    **Professional Services** does not include any services furnished by an **insured** as a practitioner of any other healing or treating art.

8. **Locum Tenens** means a health care provider temporarily employed by the **insured** and serving in the place of an **insured**, provided that the substitute does not provide **professional services** at the same time as the **insured** being replaced.

## Coverage Agreement

Within the limit of liability shown on the Declarations:

**We** will pay on behalf of an **insured** all sums to which this insurance applies and for which an **insured** becomes legally obligated to pay as **damages** because of an **injury**. The **injury** must be caused by an accident arising from an **incident** during the **policy period**. The **injury** must also be caused by an **insured** under this policy.

## Defense and Settlement Clause

**We** have the right and duty to defend any **claim** or suit brought seeking **damages** against the **insured** for **injury** covered by this policy. **We** have the right to appoint counsel and **we** may investigate any **claim** made or suit brought. With **your** written consent, **we** may settle any **claim** or suit as **we** believe may be proper. **We** shall not be obligated to pay any **claim** or judgment or to defend or continue to defend any suit after the limit of **our** liability is exhausted because of payment of judgments or settlements. **Your** consent shall not be required to make a settlement or payment after a judgment has been entered against **you**.

## Supplementary Payments

In addition to the limit of **our** liability shown on the Declarations, **we** also will pay:

1. All expenses incurred by **us** when defending any **claim** or suit covered by this policy.

2. All court costs taxed against the **insured** in any **claim** or suit defended by **us**.

3. All reasonable expenses incurred by **you** when **you** are out of **your** office at **our** request to assist **us** in the investigation or defense of a **claim** or suit, including actual loss of earnings up to $500 per day because of time off from work, up to a maximum of $2,500 per **incident**/$5,000 aggregate per **policy period**.

4. Any interest incurred on that portion of a judgment covered under this policy and within the applicable limit of liability.

5. Premiums on appeal bonds and premiums on bonds to release attachments in any suit subject to defense under this policy. The bonds must be for an amount not more than the limit of **our** liability. However, **we** have no obligation to furnish or obtain these bonds.

6. Legal fees and **damages** that arise out of **your** chiropractic utilization review services, including the rendering of an opinion on the adequacy, necessity or reasonableness of care furnished by another chiropractor based on the review of the patient's records without a physical examination. Supplementary payments for legal fees and **damages** under this section will be limited to $25,000 per occurrence and $50,000 aggregate for all actions arising during the **policy period.**

7. Legal fees and **damages** that arise out of **your** peer review services, including services as a member of a formal accreditation, standards review or other professional board or committee related only to chiropractic. Peer review means the evaluation of the **professional services** rendered by another chiropractor for the purpose of determining the qualifications and/or the competency of the

chiropractor. Supplementary payments for legal fees and **damages** under this section will be limited to $25,000 per occurrence and $50,000 aggregate for all actions arising during the **policy period.**

8. Legal fees and expenses to defend **you** in a revocation, suspension or disciplinary action before the State Licensing Board commencing during the **policy period**. Supplementary payments under this section shall be limited to $5,000 per action and $10,000 per **policy period**. Further, no payments will be made for any appeal after the State Licensing Board has rendered a final decision.

**Your** consent is not needed to make any payment under the "Supplementary Payments" section of this policy. Further, this section does not change any other terms or conditions of this policy.

### Persons Insured

The persons insured under this policy are:

1. The **insured** shown on the Declarations.

2. Each chiropractic assistant or nurse employed by **you**, but only if they are acting within the scope and course of their duties as such in the providing of **professional services**. Also, they must be under the supervision, if required by state law, of a licensed chiropractor.

3. **Locum Tenens** temporarily employed by and serving in the place of an **insured**. Coverage for **locum tenens** for any one **insured** shall not exceed 60 days per policy period. An **insured** must submit an application for the **locum tenens** and obtain **our** underwriting approval before coverage for any **locum tenens** will be provided.

"Persons Insured" does not include any other licensed health care providers, including but not limited to other licensed chiropractors, except the **insured**.

### Territory

This policy applies to the providing of or failure to provide **professional services** anywhere in the world, provided the **claim** or suit is brought within the United States of America, its territories or possessions, or Canada.

### Exclusions

Despite any other provision of this policy, this policy does not apply to **claims** arising out of, based upon, or attributable to any of the following:

A. An act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime.

B. The providing of or failure to provide **professional services** while **you**, or any other **insured** for whose acts or omission **you** are legally responsible, is under the influence of intoxicants or drugs.

C. The providing of **professional services** when **you** are not licensed to practice.

D. Any liability for the acts of another assumed by an **insured** under any contract or agreement. However, this exclusion does not exclude liability under contracts or agreements with any managed care organization (MCO) whose members or subscribers are patients who are furnished **professional services** by **you** under such contract or agreement, but only to the extent of the MCO's liability for **damages** because of an **injury** caused by an **incident** arising out of the providing or failure to provide **professional services** by **you**.

E. False imprisonment; false arrest; libel; slander; defamation; invasion of privacy; discrimination.

F. Sexual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act.

G. The transmission of any communicable disease.

H. Manipulation or treatment, including adjustment, while a person is under anesthesia or sedation (MUA).

I. Needle acupuncture.

J. Obstetrics.

K. Surgery.

L. The supplying of **professional services** to animals.

M. The prescribing of any substance that state or federal law prohibits dispensing or that requires a prescription.

N. Pollution, contamination or waste disposal.

O. The intentional infliction of **injury**.

P. Any **claim** under an Unfair Trade Practices Act, or any **claim** made under Title 18 of the United States Code, sections 1962 to 1964, otherwise called the RICO laws.

Q. This policy does not apply to punitive or exemplary **damages**, fines, penalties imposed by law, or matters uninsurable under law pursuant to which this policy is construed, unless the law of the state in which the **insured** is licensed to practice prohibits such an exclusion.

R. Despite any other provision of this policy, this policy does not apply to any **claim** alleged to be caused in whole or in part from any violation of the Health Insurance Portability and Accountability Act (HIPAA), or any other state or federal privacy regulation.

S. Despite any other provision of this policy, this policy does not apply to any **claim** alleged to be caused by:

　　1. **your** breach of **fiduciary duty**;
　　2. **your** actual gaining of personal profit, or advantage to which **you** are not legally entitled;

3. remuneration paid to **you** if such payment is held by the courts to be in violation of the law;
4. **your** alleged or actual involvement in any:

    a. anti-trust law violation
    b. agreement or conspiracy to restrain trade;

5. the failure to collect contributions owed to any Employee Benefit Plan or the failure to return any contributions if such amounts are, or could be, chargeable to the Employee Benefit Plan;
6. benefits payable or paid to a participant or beneficiary of an Employee Benefit Plan.

For purposes of this exclusion, **fiduciary duty** means:

The duty that arises when the business transacted, money or property handled, is not **your** own or for **your** benefit, but for the benefit of another person, to whom **you** stand in a relationship implying and necessitating confidence, trust and good faith, whether or not that duty arises by matter of law, contract or otherwise. This includes duties, which may arise as a fiduciary under the Employee Retirement Income Security Act of 1974 or any of its amendments.

T. Any **claim** brought under any workers compensation or similar statute.

## Limit of Liability

A. **Our** limit of liability for **damages** for which this insurance applies shall not exceed the amount stated as the Per Claim Limit of Liability on the Declarations, regardless of the number of: (a) **insureds**; (b) claimants or persons who sustain **damages**; (c) **claims** or suits brought; (d) policies issued by **us**; or (e) number of policy periods during which treatment is rendered.

B. **Our** total liability for all **damages** during a **policy period** shall not exceed the amount stated as the Policy Aggregate Limit of Liability on the Declarations, regardless of the number of: (a); **claims**; (b) **insureds**; (c) claimants or persons who sustain **damages**; (d) policies issued by **us**; or (e) number of policy periods during which treatment was rendered.

C. In the event an **insured** is afforded coverage for a **claim** under another policy **we** have issued, then in no event will **we** pay **damages** in an amount greater than the highest limit of liability available under any one policy **we** issued and under which **you** are entitled to coverage.

The limits of liability shown on the Declarations as applying to the Per Claim Limit of Liability is the limit of **our** liability for all **damages**, including **damages** sustained by other persons. **Damages** sustained by other persons include, but are not limited to, **damages** for loss of services, loss of consortium, wrongful death and emotional distress. The limits of liability in effect at the time of the alleged **injury** will be **our** limit of liability for **damages**.

## Conditions

1. Notice of **Claim** or Suit. When **you** become aware of any **claim** or suit alleging **injury**, written notice shall be given to **us** as soon as possible. The notice shall contain information sufficient to identify the **insured** and the time, place and circumstances of the alleged **injury**. The name and address of the person claiming an **injury** and of any witnesses to the **injury** also shall be included in the notice. If a suit is brought against

the **insured**, the **insured** must immediately forward to **us** every demand, notice, summons, complaint or other process alleging **injury** received by the **insured** or the **insured's** representative.

2. Assistance and Cooperation of the **Insured**. The **insured** shall cooperate with **us**. Upon **our** request, an **insured** shall attend hearings and trials and assist in making settlements. If requested, the **insured** shall also secure and give evidence, report facts, obtain the attendance of witnesses and otherwise assist in the conduct of suits. Also, upon request, the **insured** will help enforce any right of contribution, indemnity or apportionment that an **insured** might have, so that **we** might exercise those rights in the name of an **insured**. The **insured** shall not, except at an **insured's** cost and with **our** prior written consent, voluntarily make any payment, assume any obligation or incur any expense. An **insured** shall do nothing to prejudice **our** defense of any suit. An **insured** shall not enter into any oral or written contracts or agreements that in any way impair or waive **our** right of defense.

3. Action Against **Us**. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy by an **insured**. In addition, no legal action may be brought against **us** until the amount of an **insured's** obligation to pay is finally determined either by judgment after trial or by written agreement between the claimant and **us** or **you** with **our** approval.

   No other person or organization has any right under this policy to make **us** a party to any action to decide an **insured's** liability.

4. Other Insurance. If an **insured** has other insurance that is applicable to any **claim**, suit or **incident** covered under this policy, then this policy is excess insurance over any other applicable insurance.

5. Subrogation. If any payment is made under this policy, **we** shall be subrogated to all the **insured's** rights of recovery against any person or organization. The **insured** shall execute and deliver instruments and papers and do whatever is necessary to secure such rights. The **insured** shall do nothing to prejudice those rights.

6. Premiums. All premiums for this policy shall be computed according to **our** rules, rates and rating plans in effect with respect to the period for which premiums are due. The premium is due on the date set in the premium notice. If the premium is not paid by that date, the policy will be cancelled.

7. Changes. Notice to any person or knowledge possessed by any person shall not cause a waiver or change in any part of this policy or stop **us** from asserting any right under the terms of this policy. The terms of this policy may only be waived or changed by endorsement signed by **our** Secretary and issued as a part of this policy.

8. Assignment. The interest of any **insured** in this policy is not assignable. If the **insured** shall die or be adjudged incompetent, this insurance shall thereupon terminate for such person but shall cover the **insured's** legal representative as the **insured** with respect to liability previously incurred and covered by this insurance.

9. Terms Conform to Statute or Regulation. Any term of this policy that is in conflict with a statute or regulation of the state where the policy is issued is amended to conform to such statute or regulation.

10. Cancellation and Non-renewal. **You** may cancel this policy by returning it to **us**. **You** may also cancel by giving **us** advance written notice of when the cancellation is to take effect. **We** may cancel or not renew this policy by mailing notice to **you** at **your** last known address. Notice to **you** must be sent at least sixty (60)

Form MP2003                                        7                                        06/03

days before the cancellation or non-renewal date. If **you** fail to pay any premium when due, **we** may cancel this policy by mailing notice to **you** at **your** last known address at least ten (10) days in advance. The reason for any cancellation or non-renewal will be stated in the notice. Proof of mailing is proof of notice for purposes of this provision. The effective date and hour of cancellation stated in the notice or the time of surrender of the policy shall become the end of the **policy period**.

If this policy is cancelled, **you** may be entitled to a premium refund, but a refund or offer to make a refund is not a condition of cancellation. Any refund will be computed pro rata.

11. Examination of **Your** Books and Records. **We** may examine and audit **your** books and records as they relate to this policy during the **policy period** and up to three years following termination or expiration of the policy.

12. Mutual Holding Company. **You** are a member of National Chiropractic Mutual Holding Company. **You** may participate at the annual meeting according to the provisions of the bylaws. The board of directors shall decide the time and place of the annual meeting according to the bylaws and the laws of the State of Iowa.

**In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representatives.**

**Secretary** _____  **President** _____
      Roger Schlueter                          Patrick McNerney



# MUA Endorsement

The following exclusion is deleted:

(II) Manipulation or treatment, including adjustment, while a person is under anesthesia or sedation.

TO BE COMPLETED IF NOT ATTACHED WHEN POLICY IS ISSUED.   NCMIC INSURANCE CO.

Named Insured _____

Endorsement Effective _____ Policy Number _____

Dated at Clive, IA this day of _____, 20_____

_____
Authorized Representative

Form 03-2007                                                                                                   06/03



# Pool Exclusion Endorsement (Occurrence)

The Exclusions section of the policy is amended to include the following exclusion:

(W) Any **claim** based on or arising out of any **injury** as a result of any type of pool utilized as part of any treatment or therapy prescribed by the **insured**

TO BE COMPLETED IF NOT ATTACHED WHEN POLICY IS ISSUED.    NCMIC INSURANCE CO.

Named Insured _____

Endorsement Effective _____ Policy Number _____

Dated at Clive, IA this day of _____, 20____

_____
Authorized Representative

Form 03-2022                                                                                                           09/03



# ILLINOIS EXCLUSIONS ENDORSEMENT

**The following is added to Exclusion (Q):**

"Except that if a suit shall have been brought against the **insured** with respect to a claim for acts or alleged acts falling within the coverage, seeking both compensatory and punitive or exemplary damages, then **we** will provide a defense to such action without liability, however, for such punitive or exemplary damages."

**Exclusion (G) is revised as follows:**

The transmission of any sexually transmittable disease.

**The following Exclusion (B) is deleted:**

The providing of or failure to provide **professional services** while **you**, or any other **insured** for whose acts or omission **you** are legally responsible, is under the influence of intoxicants or drugs.

Form 14-2000   7/99



# ILLINOIS CANCELLATION PROVISION ENDORSEMENT

The following is added to item 10 of the "Conditions" section of the policy – Cancellation and Non-Renewal:

"After this policy has been in effect for sixty (60) days, it may be cancelled only for one of the following reasons:

 a) Non-payment of premium;
 b) The policy was obtained through a material misrepresentation;
 c) Any **insured** violated any of the terms and conditions of this policy;
 d) The risk originally accepted was measurably increased;
 e) Certification to the Director of the loss of reinsurance which provided coverage to **us** for all or a substantial part of the underlying risk insured, or
 f) A determination by the Director that the continuation of the policy could place **us** in violation of the insurance laws of this State."

Form 14-2001   7/99



# ILLINOIS OTHER INSURANCE ENDORSEMENT

Condition 4 – "Other Insurance" is deleted and replaced with the following:

4. Other Insurance – If the **insured** has other insurance against a loss which is also covered by this policy and is a named insured or policyholder of the other insurance, this policy will still apply to the loss. However, **we** shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution below:

   a. If all other valid and collectible insurance provides for contribution by equal shares, **we** shall not be liable for a greater proportion of the loss than would be payable if each insurer contributed an equal share. However, when the share of each insurer equals the lowest applicable limit of liability under any one policy and if the loss has not been paid in full, the remaining insurer then continues to contribute equal shares of the remaining amount of loss until each insurer has paid its limits in full or the amount of the loss is paid in full.

   b. If any other insurance does not provide for contributions by equal shares, **we** shall not be liable for a greater proportion of the loss than the applicable limit of **our** liability bears to the total applicable limit of liability of all valid and collectible insurance against the loss.

Form 14-2002   7/99



# ILLINOIS BANKRUPTCY OR INSOLVENCY ENDORSEMENT

The following is added to the conditions section of the policy:

13. Bankruptcy or Insolvency. The bankruptcy or insolvency of any **insured** shall not relieve **you** or **us** of any of **our** obligations hereunder. The bankruptcy or insolvency of any **insured** shall not increase any amounts of money payable hereunder.

Form 14 2003 4/03

**NCMIC Insurance Company**
*A member of NCMIC Group, Inc.*

14001 University Avenue, Clive, Iowa 50325-8258
Local 515-313-4500　Toll-Free 800-247-8043
Claims Reporting Line 800-242-4052

I hereby certify that the attached copy is true and correct as the policy was written at the date of loss.

DATED December 18, 2007 AT CLIVE, IOWA

_____
Roger Schlueter
Chief Financial Officer and
Corporate Secretary